**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

IRIS ÁLVAREZ,

Defendant.

CRIM. NO.: 25-521 (MEL)

**OPINION AND ORDER**

## I. INTRODUCTION

On April 6, 2026, Defendant Iris Álvarez ("Álvarez") was charged via information with four counts of theft of government property under 18 U.S.C. § 641. ECF No. 33. The information alleges that on four occasions she failed to render proper payment for items she took from the Army and Air Force Exchange Service (the "AAFES"). *Id.* Álvarez moved to suppress "all evidence" obtained by the government on July 3, 2025, the date of the final alleged theft. ECF No. 37. The first day of a suppression hearing that has not concluded was held on September 16, 2026. Before the presentation of evidence at the hearing, the government indicated that with respect to any statements made by Álvarez to agents at the Loss Prevention Office, it sought to admit only the statement where she identified herself as "Iris M. Álvarez." ECF No. 63. Defense counsel in turn informed that Álvarez did not have any issue with the admissibility of such statement at trial. Accordingly, Álvarez's Motion to Suppress any unmirandized statements was deemed to be MOOT. *Id.*

The government then raised for the first time the argument that Álvarez did not have standing to suppress the items photographed in the Loss Prevention Office. *Id.* These items

included (1) a photograph of the 5.11 brand shirt's price tag found in a jacket's pocket on a clothing rack; (2) a photograph of the 5.11 brand shirt for which Álvarez allegedly did not pay in full ("shirt"); (3) a photograph of a price tag attached to the 5.11 brand shirt which turned out to correspond to a different Aerosmith shirt ("price tag"); and (4) a photograph of the transaction receipt for the purchase made at the self-checkout machine on July 3, 2025, by Álvarez ("receipt"). The court ruled at the hearing that Álvarez does not have standing to seek suppression of the tag found in the jacket pocket because Álvarez had either never possessed the tag or voluntarily abandoned it. *Id.* By court order, both parties have briefed the issue of Álvarez's standing to suppress the remaining items. ECF Nos. 64, 65.

The government argues that Álvarez has no standing because the items in question were allegedly stolen, which means she cannot maintain an expectation of privacy in them. ECF No. 64 at 2–5. Álvarez responds that she has standing because her own rights were implicated, she owned the property, and that the government's theory "collapses the threshold inquiry into the merits." ECF No. 65 at 2. For the reasons stated below, Álvarez has standing to seek suppression of the photographs of the shirt, price tag, and receipt.[1]

## II. Legal Standard

The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV. "Under the exclusionary rule, evidence obtained in violation of the Fourth Amendment generally may not be admitted to prove guilt." *United States v. González-Arocho*, 181 F.4th 168, 174 (1st Cir. 2026) (citing *Herring v. United States*, 555 U.S. 135, 139

[1] The United States has informed that it does not have possession of the shirt, price tag, and receipt. The shirt was resold, the receipt was returned to Álvarez, and the disposition of the Aerosmith price tag is unknown. ECF No. 68 at 1.

(2009)). This includes evidence more remote from the Fourth Amendment violation that the government would not have obtained absent the violation. *See United States v. Sierra-Ayala*, 39 F.4th 1, 16–17 (1st Cir. 2022) (explaining the "fruit of the poisonous tree" doctrine).

However, "Fourth Amendment rights are *personal* ones." *United States v. Rivera-Carrasquillo*, 933 F.3d 33, 40 (1st Cir. 2019) (emphasis in original) (citing *Rakas v. Illinois*, 439 U.S. 128, 133 (1978)). Thus, "[t]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas*, 439 U.S. at 130 n.1 (citing *Simmons v. United States*, 390 U.S. 377, 389–90 (1968)). This has become known as establishing Fourth Amendment standing. At this stage, the question is not yet whether the defendant's Fourth Amendment rights have been violated—that is reserved for the merits of the suppression issue. Instead, the inquiry is whether the defendant's Fourth Amendment rights have been implicated at all.

First, the court must determine "what is the activity that is being challenged." *United States v. Cruz-Sierra*, 2026 WL 926111, at *2 (D.P.R. Apr. 6, 2026) (citing *Smith v. Maryland*, 442 U.S. 735, 741 (1979)). From there, the standing analysis often takes the form of evaluating whether the defendant maintained "a legitimate expectation of privacy in the place searched or thing seized." *United States v. Torres-Díaz*, 788 F. Supp. 3d 267, 273 (D.P.R. 2025) (quoting *United States v. Rheault*, 561 F.3d 55, 59 (1st Cir. 2009)). Nevertheless, an individual is "entitled to challenge the government's action under the Fourth Amendment" when an officer, "by means of physical force or show of authority, terminates or restrains his freedom of movement through means intentionally applied," that is to say, when he has been seized. *Brendlin v. California*, 551 U.S. 249, 254 (2007) (emphasis and citations omitted). Evidence seized after illegal government conduct may be suppressed under the exclusionary rule or the fruit of the poisonous tree

doctrine. *See United States v. Cordero-Rosario*, 786 F.3d 64, 75 (1st Cir. 2015) (quoting *United States v. Camacho*, 661 F.3d 718, 729 (1st Cir. 2011)); *see also Cruz-Sierra*, 2026 WL 926111, at *3 (noting that after an allegedly illegal arrest, "there is no question that Defendant would have standing to seek suppression of any evidence found on his person").

## III. Analysis

Álvarez alleges in her Motion to Suppress that she was unlawfully detained and arrested and asks the court to suppress the evidence subsequently procured by the government. ECF No. 37 at 6. The particular activity that she challenges is AAFES Loss Prevention personnel allegedly bringing her to the Loss Prevention Office and then, along with Department of Defense Police, "preventing her egress from within" for about fifty-five minutes. *Id.* at 2, 5–6. If Álvarez was unlawfully detained or arrested,[2] she would obviously have standing to challenge the legality of the seizure of her person. *Brendlin*, 551 U.S. at 254. Absent an exception to the exclusionary rule, determining that such a seizure was unconstitutional would result in the fruits of the seizure, if any, being excluded. Here, those fruits would be the 5.11 shirt, the price tag attached to it, and the receipt, as well as the photographs of these items.[3] Had she not been to the Loss Prevention Office, the government would never have had the opportunity to take the non-security camera derived photograph the disputed items.

---

[2] Unlike Article III standing, Fourth Amendment standing "is not a jurisdictional question and hence need not be addressed before addressing other aspects of the merits of a Fourth Amendment claim." *Byrd v. United States*, 584 U.S. 395, 411 (2018); *see also Sierra-Ayala*, 39 F.4th at 15 n.11. Whether Álvarez was seized and whether that seizure was unconstitutional will be addressed once the suppression hearing has concluded.

[3] Although the photographs are derivative of the original evidence, they are treated like the original evidence in situations like this one, where evidence is seized and immediately photographed. Courts and commentators alike have characterized both physical evidence and photographs of that evidence as "direct" or "primary" evidence. Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.4, at 231 n.1. (3d Ed. 1996) (citing *People v. Simmons*, 550 N.E.2d 449 (N.Y. 1989)).

To further clarify, a defendant does not need to have "standing regarding both the *violation* which constitutes the poisonous tree *and* separate standing regarding the *evidence* which constitutes the fruit of that poisonous tree." *United States v. Olivares-Rangel*, 458 F.3d 1104, 1118 (10th Cir. 2006) (emphasis in original). Standing regarding the alleged violation alone is sufficient. *Id.* Here, because Álvarez may challenge the alleged seizure of her person, she necessarily has standing to seek suppression of any evidence seized as an immediate consequence of her allegedly illegal detention or arrest.

The government contends that Álvarez cannot demonstrate standing because it is an established principle that a defendant cannot maintain a reasonable expectation of privacy in stolen goods or goods obtained through an illegal fraud or scheme. ECF No. 64 at 2–5. This argument fails because it begs the question. Álvarez stands charged with four counts of theft of government property under 18 U.S.C. § 641. ECF No. 33. While the principle of law that the government cites may be true in certain circumstances,[4] it has not been established that the goods in this case are stolen or that Álvarez engaged in an illegal fraud of scheme. The central controversy in this case is whether Álvarez stole the goods by failing to tender proper payment for them. To find that the goods are stolen now would be to subsume the ultimate issue of the case within a threshold determination.

---

[4] The government cites various cases that stand for the proposition that a car thief does not have a reasonable expectation of privacy in a stolen vehicle. ECF No. 64 at 2–3 (citing, inter alia, *United States v. Overton*, 600 F. Appx. 303, 310 (6th Cir. 2014); *United States v. Hensel*, 672 F.2d 578 (6th Cir. 1982)). However, in both of these cases, the central dispute was not over the status of the vehicle as stolen or not. *See Overton*, 600 F. Appx. at 310 ("Because Overton stipulated at the suppression hearing that the vehicle was stolen, he lacks standing to challenge the search of it."); *Hensel*, 672 F.2d at 579 ("[A] truck with that serial number had been reported stolen some six weeks [before the defendant was stopped by law enforcement].").

This order only reaches Álvarez's standing as it pertains to the photographs taken of the three physical items found in the shopping bag she carried on July 3, 2025: the 5.11 brand shirt, the price tag attached to the shirt, and the receipt. A finding that Álvarez has standing to seek suppression does not, of course, necessarily mean that the evidence will eventually be suppressed. Moreover, to the extent that the 5.11 brand shirt and its price tag are visible in any of the video recordings already admitted (*see* ECF No. 63), any individual frames, screenshots, or other still images derived from the videos will not be suppressed. Other copies of the receipt or printouts containing the same information will similarly not be suppressed.

## IV. CONCLUSION

For the foregoing reasons, Álvarez has standing to challenge the allegedly illegal seizure of her person and, accordingly, to seek suppression of the photographs taken on July 3, 2025, of the 5.11 brand shirt, the price tag attached to it, and the receipt from the transaction. Consequently, the United States' oral request raised during the first day of the suppression hearing held on September 16, 2026, to deny Álvarez's motion to suppress said photographs due to lack of standing is DENIED. The suppression hearing will continue on October 28, 2026, at 9:00 a.m. in Courtroom 4 of the Clemente Ruiz Nazario Courthouse.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of October 2026.

s/Marcos E. López
U.S. Magistrate Judge